UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **GREGORY PARNELL WARREN AND AND DEBORAH LYNN WARREN** | **CIVIL ACTION NO. 16-00514** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **HANCOCK MORTGAGE CORPORATION, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Pending before the Court is an Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief [Doc. No. 3] filed by Plaintiffs Gregory Parnell Warren and Deborah Lynn Warren ("the Warrens"), *pro se*. According to the Warrens, their home has been foreclosed upon, and the sale is set to take place next week.

Warrens brought suit against Defendants Hancock Mortgage Corporation, Federal National Mortgage Association as Trustee for Securitized Trust Fannie Mae REMIC Trust 2003-32, Fannie Mae, and Whitney Bank, asserting claims under the Truth in Lending Act, Real Estate Settlement Procedures Act, fraud in the inducement, fraud in the concealment, unfair and deceptive business practices, unconscionability, quiet title, intentional infliction of emotional distress, Home Ownership Equity Protection Act, rescission, and slander of title. The Warrens move the Court as follows:

1. A temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants, defendants' agents, attorneys, and representatives, and all persons acting in concert or participating with them, from selling, attempting to sell, or causing to be sold the property, either under the power of sale in the Mortgage/Deed of Trust/mortgage or by foreclosure action;

2. A declaration by the court that sale of the property to enforce the

        Mortgage/Deed of Trust/mortgage is improper in that plaintiff has raised a claim that the defendant's [sic] do not legally hold the note or Mortgage/Deed of Trust and/or do not have right to foreclose on the subject property;

3.     Costs of suit; and

4.     Any further relief the court may deem just and equitable.

[Doc. No. 3, p. 9].

For the following reasons, the Warrens' Application for a Temporary Restraining Order [Doc. No. 3] is DENIED. The Warrens' claims for declaratory relief, costs, and preliminary and permanent injunctive relief remain pending.

To obtain a temporary restraining order, "the moving party must establish four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

Most of the Warrens' factual allegations raise claims based on actions which took place at or prior to their original closing on the purchase of their home in 2003, and, thus, under any theory of recovery are prescribed thirteen years later. Other claims are not valid under Louisiana law. In any event, even if there are claims which are not prescribed and are recognized under state or federal law, the Warrens have not carried their burden of persuading the Court that they have a substantial

likelihood of success on the merits.

Additionally, the Warrens failed to even argue the other three factors in support of their Application for a Temporary Restraining Order.

Finally, the Warrens have failed to certify "in writing any efforts made to give notice and the reasons why it should not be required," as provided under Federal Rule of Civil Procedure 65(b)(1)(B). [1]

Under these circumstances,

IT IS ORDERED that the Warrens' Application for a Temporary Restraining Order [Doc. No. 3] is DENIED.

Once the Warrens have served the named Defendants, the Court will set a telephone status conference to discuss the preliminary injunction.

MONROE, LOUISIANA, this 19th day of April, 2016.

*signature: Robert G. James*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Although Rule 65(b)(1)(B) requires certification from the "movant's attorney," courts have held the provision applicable to *pro se* parties as well. *See, e. g., Turner v. Clelland*, 2016 WL 1069665 (M.D. N. Carolina, March 16, 2016); *Carter v. Clarke*, 2013 WL 4464613 (W.D. Va. Aug. 19, 2013); *Veres v. Wells Fargo Bank, N.A.*, 2012 WL 6814129 (D. Co. Dec. 19, 2012).